UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY HAAPA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LIFE CARE CENTERS OF AMERICA, INC., a foreign corporation; CASCADE MEDICAL INVESTORS LIMITED PARTNERSHIP, a partnership doing business as Cascade Park Care Center; and JOHN DOE and JANE DOE, individuals.<br><br>　　　　　　Defendants. | CASE NO. C10-5040-BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Plaintiff's motion for remand (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On January 12, 2010, Plaintiff Mary Haapa filed a complaint against the above-captioned defendants in the Superior Court of the State of Washington for Clark County. Dkt. 1-3 at 8-11. On January 22, 2010, Defendants removed the action to this Court under 28 U.S.C. §§ 1332(a) and 1441(a). Dkt. 1. On January 29, 2010, Plaintiff filed the instant motion for remand. Dkt. 7. On February 22, 2010, Defendants responded. Dkt. 12. Plaintiff did not reply.

ORDER - 1

## II. STATEMENT OF FACTS

Plaintiff moves the Court to remand this matter because, she asserts, the Court "lacks subject matter jurisdiction in that the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332 is not established, nor have defendants established complete diversity amongst the parties as required." Dkt. 7 at 1.

Plaintiff is a resident of Clark County, Washington, and at all relevant times was a resident of Cascade Park Care Center located at 801 SE Park Crest Avenue in Vancouver, Washington. Dkt. 1-3 at 8. Defendant Life Care Centers of America, Inc. (hereinafter "LCCA") is a corporation that is incorporated in Tennessee, doing business in Vancouver, Washington. Dkt. 1-3 at 8-9, 13. LCCA managed Cascade Park Care Center located at 801 SE Park Crest Avenue in Vancouver, Washington. Dkt. 1-3 at 9.

Defendant Cascade Medical Investors Limited Partnership (hereinafter "Cascade LP") is a limited partnership organized under the laws of the State of Tennessee, and at all relevant times, was doing business in Clark County, Washington as "Cascade Park Care Center" located at 801 SE Park Crest Avenue in Vancouver, Washington. Dkt. 1-3 at 9, 13. Cascade LP has two partners, Developers Investment Company, Inc., which is a corporation that is incorporated in the State of Tennessee, and Forrest L. Preston, an individual who is a citizen of the United States and is domiciled in the State of Tennessee. Dkt. 12 at 2-3.

Plaintiff also named "John Doe" and "Jane Doe" in her complaint, stating that she intended to amend her complaint to substitute the true names of "John Doe" and "Jane Doe" once they became known. Dkt. 1-3 at 9. No substitution has occurred.

On September 23, 2009, Plaintiff served Defendants with a notice of intent to sue pursuant to RCW 7.70.100. Dkt. 14-2. In that correspondence, Plaintiff notified Defendants that she was "[t]hreatening [l]itigation - [f]or [i]njuries as a result of negligence on or about January 11, 2009 - [s]eeking $110.827.82." *Id*. On January 12, 2010, Plaintiff served Defendants with her complaint (Dkt. 1-3 at 8-11) and another

1  notice of intent to sue (Dkt. 1-3 at 5); neither of these documents list an amount that
2  Plaintiff seeks to recover.

### III. DISCUSSION

**A.  Motion for Remand**

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over "all civil actions" where the parties are citizens of different states and where the matter in controversy exceeds $75,000. Where there is no change in the parties to the suit, diversity is measured at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571-75 (2004).

Generally, a plaintiff is "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, at 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**1.  Complete Diversity of Citizenship**

Diversity cases are subject to removal restrictions pursuant to 28 U.S.C. § 1441(b). "When federal-court jurisdiction is predicated on the parties' diversity of citizenship . . . removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83-84 (2005).

Section 1441(b), therefore, precludes removal if any proper defendant is a citizen of the forum state. The purpose of the rule is to strike a balance in forum shopping. "While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity." *Lincoln Property Co.*, 546 U.S. at 89.

In this matter, the Court must examine the citizenship of LCCA, a corporation; Cascade LP, a partnership; and individuals.

First, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its *principal place of business* . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). Recently, the Supreme Court settled a circuit split regarding the meaning of "principal place of business." It held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181 (2010) (referring to this analytical framework as the nerve center test).

In this case, LCCA, based on declarations (Dkt. 1-3 at 13) and exhibits (Dkt. 1-3 at 31-32) submitted by Defendants, is incorporated in Tennessee, and its principal place of business is in Tennessee because that is where its corporate officers direct, control, and coordinate the corporation's activities.  Thus, LCCA is a diverse defendant for this matter.

Next, in cases involving non-corporate entities, such as partnerships or LLC's, the Court examines the citizenship of each member of the non-corporate entity when determining whether diversity exists. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).

In this case, Cascade LP, a parternship, is composed of partners Developers Investment Company, Inc., and Forrest L. Preston.  It is not disputed that Mr. Preston is domiciled in Tennessee.  Developers Investment Company, Inc., is a corporation that is incorporated in Tennessee and has principal place of business in Tennessee. Dkt. 1-3 at 34-35.  The Court declines Plaintiff's invitation to determine the citizenship of the officers of Developers Investment Company, Inc. (Dkt. 7 at 7-8) because the officers of a corporation are not examined to determine citizenship. *See* 28 U.S.C. § 1332(c)(1).

Based on declarations (Dkt. 1-3 at 13) and exhibits (Dkt. 1-3 at 34-35) submitted by Defendants, Cascade LP is located in Tennessee, both of Cascade LP's partners are citizens of Tennessee, and Cascade LP's principal place of business is in Tennessee

because that is where its corporate officers direct, control, and coordinate the corporation's activities. Thus, Cascade LP is a diverse defendant in this matter.

Lastly, the Court determines the citizenship of individuals by their state of domicile, which is the state in which they have a permanent home, where they reside with the intention to remain, or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In this case, it is not disputed that Mr. Preston is domiciled in Tennessee. Because Defendants "John Doe" and "Jane Doe" are being sued under fictitious names, as Plaintiff has not yet ascertained their true names, their citizenship as it pertains to diversity is disregarded. *See* 28 U.S.C. § 1441(a). Thus, diversity is present with respect to the individual defendants.

### 2. Amount in Controversy

Where the amount of damages sought by a plaintiff is unclear, defendants must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez*, 102 F.3d at 403; *Gaus*, 980 F.2d at 567; 28 U.S.C. § 1332(a). Thus, defendants must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, at 404.

Conclusory allegations by a defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). Instead, courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested at the time of removal. *Kroske v. U.S. BankCorp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

In this case, Plaintiff served her notice of intent to sue on Defendants pursuant to RCW 7.70.100. Dkt. 14-2. In that correspondence, Plaintiff notified Defendants that she was "[t]hreatening [l]itigation - [f]or [i]njuries as a result of negligence on or about

January 11, 2009 - [s]eeking $110.827.82." *Id.* Moreover, Plaintiff has failed to modify or clarify her demand when provided opportunities to do so.

Thus, although Plaintiff's complaint does not facially establish the amount in controversy, the Court concludes that Defendants have proven that the amount in controversy exceeds $75,000 by a preponderance of the evidence based on the notice of intent to sue. Dkt. 14-2.

**B.     Motions to Strike**

**1.     Plaintiff's Motion**

Plaintiff moves the Court to strike Defendants' declaration from Carin A. Marney because it "is based solely on hearsay evidence, offers only a legal conclusion as to LCCA's 'principal place of business' location, and otherwise baldly claims that her declaration is based on 'personal knowledge' of these facts." Dkt. 7 at 7.

The Court denies Plaintiff's motion to strike because the evidence relied on by the Court does not constitute hearsay. *See* Declaration of Carin A. Marney, Exs. B, C.

**2.     Defendants' Motion**

Defendants move the Court to strike as hearsay Plaintiff's statements regarding Mr. Allen Michael and Mr. John O'Brien because Plaintiff did not include a declaration. Dkt. 12 at 3 n.1.

The statements that Defendants move to strike are unnecessary to the resolution of the instant motion for remand. Therefore, the Court denies Defendants' motion to strike.

**C.     Attorney's Fees**

The Court denies Plaintiff's motion for attorney's fees and costs. *See* Dkt. 7 at 6.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's motion for remand (Dkt. 7) is **DENIED**.

DATED this 30th day of March, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7